# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | 8:06CR18 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANGELA M. ALMAGUER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | 8:06CR21 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EDWARD CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

These matters are before the court on the motion of the government's motion to consolidate (Filing No. 12 in 8:06CR21 and Filing No. 20 in 8:06CR18). The defendants were present with their attorneys, David L. Nich, Jr., for defendant Clark and Jon S. Natvig for defendant Almaguer. The government was represented by Assistant U.S. Attorney Kimberly C. Bunker. The court heard proffers of evidence by all parties and heard the argument of counsel. The court finds the government's motion to consolidate should be denied for the reasons stated by the court on the record.

The defendants requested additional time for the purpose of examining and testing the controlled substance which was seized from the defendants' residence on September 30, 2005. The government had no objection. Both Clark and Almaguer waived and stipulated to the chain of custody for the purpose of the examination. Counsel for both defendants also requested additional time in which to prepare for trial. Clark and Almaguer each consented to the motion and understood the additional time would be excluded from the computations under the Speedy Trial Act.

**IT IS ORDERED:**

1. The government's motions to consolidate (Filing No. 12 in 8:06CR21 and Filing No. 20 in 8:06CR18) are denied.

2. The trial on the Indictment in 8:06CR18 will commence **at 8:30 a.m. on July 31, 2006**, before Chief Judge Bataillon and a jury.

3. The trial on the Indictment in 8:06CR21 will commence **at 8:30 a.m. on August 7, 2006**, before Chief Judge Bataillon and a jury.

4. The ends of justice have been served by granting Clark's and Almaguer's motions to continue trial and outweigh the interests of the public and the defendants in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., the time between **June 5, 2006 and July 31, 2006 (Almaguer) and June 5, 2006 and August 7, 2006 (Clark),** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendants' counsel require additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of June, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge